[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15932
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00284-RAL-MAP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBINSON PEREZ MONTEZ,
JAVIER NOYOLA RUIZ,
LUCIO MOLINA MARROQUIN,
a.k.a. Lucio Molina Marrokuin,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 28, 2018)

Before JULIE CARNES, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Robinson Perez Montez, Lucio Molina Marroquin, and Javier Noyola Ruiz appeal their convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a) and § 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).  No reversible error has been shown; we affirm.

I.

On appeal, Montez and Marroquin challenge the district court's denial of their motions for judgments of acquittal based on the sufficiency of the evidence.[*]

We review de novo a district court's denial of a motion for judgment of acquittal.  United States v. Seher, 562 F.3d 1344, 1364 (11th Cir. 2009).  When the motion challenges the sufficiency of the evidence, we review de novo the sufficiency of the evidence.  Id.

---

[*] In his appellate brief, Ruiz raises no substantive challenge to the district court's denial of his motion for judgment of acquittal.

We will affirm if we conclude that a reasonable factfinder could find that the evidence established guilt beyond a reasonable doubt. Id. In considering the evidence, we draw all reasonable inferences and credibility choices in favor of the government and "are bound by the jury's credibility choices, and by its rejection of the inferences raised by the defendants." United States v. Williams, 865 F.3d 1328, 1344 (11th Cir. 2017) (alteration omitted). To support a conviction, "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." Id. We will assume that the jury resolved all credibility questions in a manner supporting their verdict. United States v. Lebowitz, 676 F.3d 1000, 1013 (11th Cir. 2012).

To prove conspiracy, "the government must prove beyond a reasonable doubt that two or more persons entered into an unlawful agreement to commit an offense, that the defendant knew of the agreement, and that he voluntarily became a part of the conspiracy." Williams, 865 F.3d at 1344. The government can satisfy its burden through circumstantial evidence. United States v. Tinoco, 304 F.3d 1088, 1122 (11th Cir. 2002). In determining whether a jury could have concluded reasonably that a defendant was guilty of conspiracy in a case involving a "narcotics-laden vessel," we consider these factors:

> (1) probable length of the voyage, (2) the size of the contraband shipment, (3) the necessarily close relationship between captain and crew, (4) the obviousness of the contraband, and (5) other factors, such as suspicious behavior or diversionary maneuvers before

3

apprehension, attempts to flee, inculpatory statements made after apprehension, witnessed participation of the crew, and the absence of supplies or equipment necessary to the vessel's intended use.

Id. at 1123.  A defendant's "mere presence" at the scene of a crime or "mere association" with conspirators, however, is insufficient on its own to establish knowing participation in a conspiracy.  United States v. Villegas, 911 F.2d 623, 629 (11th Cir. 1990).

Having reviewed the record and considered the Tinoco factors, we conclude that the government presented sufficient circumstantial evidence to convict Montez and Marroquin of conspiracy beyond a reasonable doubt.  Montez, Marroquin and Ruiz were traveling in a small boat (the "Dilan") 200 nautical miles off the Mexican coast.  U.S. Coast Guard officers saw the Dilan heading at high speed directly toward a semi-submersible vessel carrying 5,621 kilograms of cocaine.  When the Dilan got within eight miles of the intercepted semi-submersible -- and within range of sight of the semi-submersible and the U.S. Coast Guard aircraft above -- it stopped and turned around.  The Dilan then ignored commands to stop and stopped only after warning shots were fired from a U.S. Coast Guard helicopter.

In the light of this evidence and additional testimony from the U.S. Coast Guard witnesses and two co-conspirators -- which we assume the jury credited over testimony presented by defendants -- the jury could infer reasonably that

4

Montez and Marroquin were en route to assist with unloading the cocaine and crew from the semi-submersible.  Moreover, given testimony that the Dilan lacked equipment for either fishing or a search and rescue mission, the jury could infer reasonably that Montez and Marroquin were engaged in neither of the two legitimate purposes they asserted.  On this record, we affirm the district court's denial of Montez and Marroquin's motions for judgments of acquittal.

## II.

We next address challenges to the district court's evidentiary rulings.  Ruiz challenges the exclusion of testimony and exhibits showing his poverty; and Marroquin challenges the exclusion of photographs showing different types of go-fast vessels.

We review the district court's evidentiary rulings under an abuse of discretion standard.  United States v. House, 684 F.3d 1173, 1197 (11th Cir. 2012).  A district court abuses its discretion if it applies an incorrect legal standard or makes clearly erroneous findings of fact.  Id.  Even when an abuse of discretion is shown, however, "we will not reverse a defendant's conviction on the basis of an evidentiary error that does not implicate his constitutional rights if the error had no substantial influence, and enough evidence supports the result apart from the phase

5

affected by the error." Id. (quotations omitted). We review de novo whether the exclusion of evidence violated a constitutional guarantee. United States v. Sarras, 575 F.3d 1191, 1209 n.24 (11th Cir. 2009).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts can exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Excluding relevant evidence under Rule 403 is an "extraordinary remedy" and should be used sparingly. United States v. Joseph, 709 F.3d 1082, 1101 (11th Cir. 2013).

Criminal defendants have a constitutional right to present evidence in their own defense. United States v. Culver, 598 F.3d 740, 749 (11th Cir. 2010). This right is limited by such concerns as "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. The district court may impose limitations on a defendant's right to present evidence unless the limitations are "arbitrary or disproportionate to the purposes they are designed to serve." Id. Pursuant to the Sixth Amendment, a defendant

6

has the right to cross-examine effectively witnesses against him.  United States v. Jeri, 869 F.3d 1247, 1262 (11th Cir. 2017).

The district court abused no discretion in excluding testimony and exhibits showing Ruiz's poverty because the evidence had only minimal relevance and was cumulative of other testimony and evidence already admitted.  Likewise, photographs of other larger and more powerful go-fast vessels were excluded properly because the degree of similarity between the Dilan and other go-fast vessels did not make it "more or less probable" that the Dilan was being used in a drug smuggling operation.  We see no abuse of discretion.

AFFIRMED.